UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGO GERMAN MACAVILCA,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney
General of the United States,

Respondent.

CASE NO.  C08-36-TSZ-JPD

REPORT AND RECOMMENDATION

I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Domingo German Macavilca, proceeding pro se, has filed an Amended

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by

the U.S. Immigration and Customs Enforcement ("ICE").[1]  (Dkt. 6).  Petitioner requests that the

_____

[1]On January 10, 2008, petitioner filed a Petition for Writ of Habeas Corpus challenging
his continued detention by ICE.  (Dkt. 1).  However, petitioner failed to pay the $5.00 filing fee
or submit a request to proceed in forma pauperis ("IFP").  Accordingly, the Court sent
petitioner a letter directing him to either pay the $5.00 filing fee, or submit an application for IFP
status.  (Dkt. 3).  On January 18, 2008, petitioner submitted the $5.00 filing fee along with an
amended petition for writ of habeas corpus, which was subsequently served on the Government.
(Dkt. 6).  On February 11, 2008, petitioner filed a second amended Petition for Writ of Habeas
Corpus, Dkt. 9, which is identical to his first amended habeas petition.  Because petitioner failed

REPORT AND RECOMMENDATION
PAGE – 1

Court order him released on bond or on his own recognizance, arguing that his conviction for Theft in the Second Degree, is an undeportable aggravated felony. *Id.* Petitioner has also filed a Motion for Reduction of Bond or Change in Conditions of Release, Dkt. 17, requesting that the Court order him released on bond or on conditions. Respondent has filed a motion to dismiss, arguing that petitioner is lawfully detained pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act ("INA"), pending his removal from the United States to Peru. (Dkt. 19).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 6) be DENIED, petitioner's motion for bond reduction (Dkt. 17) be DENIED, and respondent's motion to dismiss (Dkt. 19) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Domingo German Macavilca is a native and citizen of Peru, who entered the United States without inspection on June 23, 1981. (Dkt. 20 at L298). On January 10, 2002, petitioner filed a Form I-485 Application to Register Permanent Resident or Adjust Status under LIFE Legalization. (Dkt. 20 at L200-03). On June 22, 2004, petitioner's application for adjustment of status was denied due to his conviction on October 28, 2002, in the Superior Court for the State of Alaska of Theft in the Second Degree in violation of Alaska Statute § 11.46.130(a)(1). (Dkt. 20 at L213-15).

On October 14, 2004, ICE served petitioner with a Notice to Appear, charging him with removability as an alien present in the United States without being admitted or paroled, in violation of INA § 212(a)(6)(A)(i). (Dkt. 20 at L297-98). On October 15, 2004, ICE lodged

to file a motion to amend his pleadings, and because petitioner's second amended habeas petition is identical to his first amended habeas petition, petitioner's second amended habeas petition, Dkt. 9, is hereby stricken. *See* Fed. R. Civ. P. 15.

REPORT AND RECOMMENDATION
PAGE – 2

an Additional Charge of Inadmissability/Deportability, charging petitioner with removability as an alien who has been convicted of a crime involving moral turpitude, in violation of INA § 212(a)(2)(A)(i)(I).  (Dkt. 20 at L296).

On April 20, 2005, an Immigration Judge ("IJ") denied petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed to Peru.  (Dkt. 20 at R154).  Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on August 16, 2005.  (Dkt. 20 at R154).  Petitioner subsequently filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals.  *See Macavilca-Parco v. Gonzales*, No. 05-75400 (9th Cir. 2007).

On September 21, 2006, while his Petition for Review was pending, petitioner filed his first habeas petition in this Court, challenging his continued detention.  *See Parco v. Clark*, Case No. C06-1346-RSL.  On May 24, 2007, the Honorable Robert S. Lasnik dismissed the habeas petition, concluding that petitioner was subject to mandatory detention under INA § 236(c)(1)(A).  *Id.*

On January 16, 2007, the Ninth Circuit entered an Order denying in part and granting in part petitioner's Petition for Review, and remanding the case to the BIA.  (Dkt. 20 at R125). On June 15, 2007, the BIA issued a second decision dismissing petitioner's appeal, finding petitioner removable and ineligible for relief from removal.  (Dkt. 20 at R199).

On July 10, 2007, petitioner filed a motion for release from detention with the Immigration Court, which was denied on July 23, 2007.  (Dkt. 20 at R153-55).  On July 30, 2007, petitioner filed an appeal with the BIA, which was rejected on August 10, 2007.  (Dkt. 20 at R252-53).  On July 31, 3007, petitioner filed a Petition for Review with in the Ninth Circuit.

REPORT AND RECOMMENDATION
PAGE – 3

*See Macavilca-Parco v. Mukasey*, No. 07-73007.  The Ninth Circuit dismissed the appeal and the mandate issued on January 17, 2008.  *See Macavilca-Parco v. Gonzales*, No. 07-73007.

On November 30, 2007, petitioner submitted an Application for Stay of Deportation or Removal, along with a "Motion to Reopen the Petition for Bond-Determination and Motion to Reopen for Release on Own Recognizance" with the BIA.  (Dkt. 20 at R313, R314-18).  The BIA denied petitioner's motions on December 28, 2007.  (Dkt. 20 at R343-44).

On March 20, 2008, petitioner filed another Petition for Review with the Ninth Circuit, who dismissed the Petition on February 22, 2008, and the mandate issued on June 6, 2008.  *See Macavilca-Parco v. Mukasey*, No. 07-74741.

## III.  DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-

REPORT AND RECOMMENDATION
PAGE – 4

immigration related confinement.").  During the removal period, continued detention is required.

INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall

detain the alien.").  Where removal cannot be accomplished within the ninety-day removal

period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. §

1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653

(2001).  In *Zadvydas,* the Supreme Court determined that the government is entitled to a

presumptively reasonable period of detention of six months to bring about the alien's removal

from the United States.  *Zadvydas*, 533 U.S. at 701.  After this six month period, the alien is

eligible for conditional release upon demonstrating that there is "no significant likelihood of

removal in the reasonably foreseeable future."  *Id.*  The petitioner has the burden of coming

forward with "good reason to believe there is no significant likelihood of removal in the

reasonably foreseeable future."  *Id*.  If the petitioner meets this burden, the government must

produce sufficient evidence to rebut petitioner's showing.  *Id.*

　　　　In the present case, the Ninth Circuit mandate issued on June 6, 2008, thereby

commencing the removal period.  *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii).

Accordingly, petitioner's ninety-day removal period will expire on or about September 6, 2008,

and the six month presumptively reasonable period will expire on or about December 6, 2008.

Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief.  *See*

*Zadvydas*, 533 U.S. at 701.

IV.  CONCLUSION

　　　　For the foregoing reasons, I recommend that respondent's motion to dismiss be granted,

and that the action be dismissed with prejudice.  A proposed Order accompanies this Report and

REPORT AND RECOMMENDATION
PAGE – 5

1   Recommendation.

2         DATED this 16th day of June, 2008.

3

4                                    _____
                                     JAMES P. DONOHUE
5                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    REPORT AND RECOMMENDATION
26  PAGE – 6